No. 20,669.

THE STATE OF KANSAS, *Appellant*, v. THE MIDLAND AERIE NO. 412, FRATERNAL ORDER OF EAGLES, *Appellee*.

No. 20,670.

THE STATE OF KANSAS, *Appellant*, v. THE CANEY AERIE NO. 1000, FRATERNAL ORDER OF EAGLES, *Appellee*.

No. 20,671.

THE STATE OF KANSAS, *Appellant*, v. THE INDEPENDENCE LODGE NO. 780, BROTHERHOOD PROTECTIVE ORDER OF ELKS et al., *Appellees*.

No. 20,672.

THE STATE OF KANSAS, *Appellant*, v. THE CANEY LODGE NO. 1215, BROTHERHOOD PROTECTIVE ORDER OF ELKS et al., *Appellees*.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. LIQUOR NUISANCE—*Abatement—Injunction*. Rule of law announced in the syllabus of *The State v. Order of Eagles*, 98 Kan. 793, 161 Pac. 903, adhered to.

2. SAME—*Insufficient Evidence—Demurrer—Practice in District Court*. Where the plaintiff's evidence does not show that it sufficiently established the facts alleged in its petition to entitle it to judgment, and tends to show that the defendants are entitled to judgment, it is not prejudicial error to sustain a demurrer to the plaintiff's evidence instead of rendering judgment for defendants on that evidence, and section 581 of the civil code forbids the reversal of a judgment which is only affected by nonprejudicial error.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion on rehearing filed May 12, 1917. Judgment of affirmance adhered to. (For original opinion see 98 Kan. 793, 161 Pac. 903.)

*S. M. Brewster*, attorney-general, and *Thurman Hill*, county attorney, for the appellant; *James P. Coleman*, assistant attorney-general, and *Charles D. Ise*, of Coffeyville, of counsel.

*Thomas E. Wagstaff, J. B. Tomlinson*, both of Independence, and *George H. Wark*, of Caney, for the appellees; *Charles D. Shukers*, of Independence, of counsel.

The opinion of the court was delivered by

Dawson, J.:  This is a rehearing of the cases decided in *The State v. Order of Eagles,* 98 Kan. 793, 161 Pac. 903.  The rehearing was granted to consider the attorney-general's criticism of the syllabus of our original opinion, and to determine a question undisposed of in the first hearing because this court believed it could not disturb the net result arrived at by the trial court.

All that the attorney-general has had to say anent the syllabus of our original opinion has been duly considered, and its text has been critically reviewed, but we are satisfied that it is a precise and pertinent statement of the law governing the cases presented.

The question which we did not determine, and which the attorney-general insists is important, relates to the trial court's ruling on the demurrer to the state's evidence.  Perhaps the trial court did err in sustaining defendants' demurrer to the evidence.  There was evidence that liquors had been sold and drunk on the defendants' premises not long before the state filed these suits to enjoin those practices.  There was no evidence that defendants were violating the law at the time the actions were filed.  Formerly that alone would have defeated the injunctions.  We think we properly widened that narrow view in the doctrine announced in the syllabus, but we can not see our way to further extend it.  It would have been better— perhaps it would have been the correct way to end those lawsuits—if the trial court had overruled the demurrer to the state's evidence and had rendered judgment for the defendants on that evidence.  But what should this court now do about the matter?  The state did not prove to the satisfaction of the trial court that nuisances were being maintained on the premises of the defendants, at or about the time the state's suits were filed.  It sought to maintain its causes against these several defendants by witnesses who testified that nuisances had theretofore existed on defendants' premises, but that those nuisances had been abated, apparently in good faith, under threats of prosecution if they were not abated.  This was effected prior to the time the state's suits were filed.  By producing the witnesses who testified that the nuisances had been

abated, the state vouched, in some measure at least, for their credibility. Surely the state did not intend to ask the trial court implicitly to believe its witnesses on the first part of their testimony and utterly to disbelieve them as to the latter part.

Conceding, then, that it was error to sustain the demurrer to the state's evidence, we may not disregard the provisions of the civil code in a liquor case any more than in any other case. The pertinent paragraph reads:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court; and in any case pending before it, the court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court." (Civ. Code, § 581, Gen. Stat. 1915, § 7485; see, also, Crim. Code, § 293, Gen. Stat. 1915, § 8215.)

On the pleadings and on all the evidence produced by the state, considered in their most favorable light, we can not say that the trial court should have issued the injunctions, or that the state was entitled to judgment; and this, under the code section just quoted, forbids us to disturb the judgments in the present cases, and they are therefore again affirmed.

MARSHALL, J., dissents.