*In re* Underwood, Petitioner.

No. 21,701.

*In re* ARTHUR UNDERWOOD, *Petitioner*. (ARTHUR UNDERWOOD, *Appelle*, U. S. PRESGROVE AND ANNA PRESGROVE, *Appellants*.)

### SYLLABUS BY THE COURT.

HABEAS CORPUS—*Custody of Minor Child—Demurrer to Respondents' Evidence Sustained.* The record shows that the case was considered and correctly decided on its merits after all the evidence was in, hence no material error appears from a ruling sustaining a demurrer to the respondendents' evidence.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed October 12, 1918. Affirmed.

*Edward T. Riling*, and *John J. Riling*, both of Lawrence, for the appellants.

*J. H. Mitchell*, of Lawrence, for the appellee.

The opinion of the court was delivered by

WEST, J.: The petitioner brought this proceeding to obtain the custody of his infant daughter from her grandparents, the respondents. From an adverse judgment the latter appeal. In their brief it is stated that the one question involved is the fitness of the father to be intrusted with the custody and guardianship of his child.

The record presents a somewhat anomalous situation. The petitioner married a daughter of the respondents before she had reached the age of eighteen, and when their little daughter, born the following year, was some eight months old, the mother died in convulsions which the respondents claim were caused by poison administered by the petitioner. From what purports to be a copy of the journal entry and the remarks of the trial court when the case was decided, it appears that the burden of proof was placed on the respondents, and it is recited:

"And thereupon the said respondents having introduced their evidence rested their case; whereupon the petitioner demurred to the evidence of said respondents for the reason that the evidence did not sustain the allegations in said respondents' return to the writ. And the court having heard the arguments of counsel and being fully advised in the

premises, sustained said demurrer and finds that the petitioner, Arthur Underwood, as the father of said minor child, Arleen Underwood, is entitled to have the care, custody, and control of her."

A motion for new trial was filed on the grounds that the decision was contrary to the law; that it was contrary to the facts and the evidence; that it was given under the influence of passion and prejudice; that the court erred in sustaining the petitioner's demurrer to the evidence of respondents; and also on the ground of newly discovered evidence. The notice of appeal recites that the respondents appeal "from the judgment rendered against them . . . wherein it was adjudged that the petitioner have the custody and possession of Arleen Underwood, and also appeal from the order of the court overruling respondents' motion for a new trial in said cause." Assignments of error are made upon the sustaining of the demurrer to the evidence; that the judgment is contrary to the law and contrary to the evidence; on the overruling of the motion for new trial; and in giving the custody of the child to appellee and not to the appellants.

It is argued in the brief of the respondents that the evidence shows the petitioner to be unfit to have the care and custody of the child, and it is said:

"The evidence shows that his conduct during her last illness and subsequent to her death is such that brands him unquestionably as being the means and cause of her death. . . . Under the circumstances, and in view of these uncontradicted facts, will this court now say that he is a fit person to have the custody and rearing of this little girl, who is now only a year and a half old? . . . What clearer or more satisfactory proof does the court desire than we have already submitted, to show the unfitness at this time of the appellee to care for and have the custody of this little girl? We believe we have shown by ample testimony that the father, the appellee in this case, is unfit."

Hence, while the case on oral argument was presented as one involving the sustaining of a demurrer to the evidence, it appears upon an examination of the record that not only the trial court but also the parties have treated the matter as a full and final submission after all the evidence of the respondents was in.

On rendering the decision the trial court, after going over the facts and circumstances to quite an extent and coming

to the night when the poison was alleged to have been administered, said:

"Now outside of what took place in that room that night out at Salina, there is not a syllable of testimony that tends to show in the slightest degree that he is not as fit to have that child of his own as he was to have the child of these two other people in his home as his wife."

Then, after referring in detail to the occurrences of that night, it was further said:

"This young woman died and there was an analysis made of her stomach, and only the merest, faintest trace—one fifty-thousandth part of a grain—of strychnine was found in the stomach, and that too, after there had been a small amount of strychnine injected into her body hypodermically some time before the time she died. It seems to me that it does n't even create the suspicion that she died from strychnine poison. But if she did, then what a leap in the dark it is to conclude that her husband gave it to her."

And after still further reviewing the testimony it was said:

"The young woman died, and, as I view it, without any interference on the part of the husband, and the law says the husband may have the child; that he shall have it, and that will be the decree of this court."

It appears that the petitioner was prosecuted for the murder of his wife and acquitted, and while there is in the record some evidence which might be deemed, not only consistent with the theory of his guilt, but possibly somewhat tending to establish his guilt, there was hardly a serious approach to the sufficiency of evidence required under the rule that in order to deprive the parent of the custody of his child his unfitness must be established by clear and convincing evidence.

Were the question presented only one of merely sustaining a demurrer to the evidence of the respondents, a claim of technical error would doubtless have to be conceded; but with the evidence before us, and the extended review thereof by the trial court, and the repeated declarations as to its utter insufficiency, it cannot be said that any error was committed in awarding the custody of the child to the petitioner upon full consideration of the entire evidence, which was in fact done. (See *The State v. Order of Eagles,* 100 Kan. 480, 164 Pac. 1063.)

Treating the case, therefore, as one decided upon its merits, the decree is affirmed.