No. 23,575.

THE STATE OF KANSAS, ex rel. J. M. WIESNER, as County Attorney
of Ellis County, *Appellant,* v. R. B. THOMAS and ANNA M.
THOMAS, *Appellees.*

### SYLLABUS BY THE COURT.

INJUNCTION—*Obstructing Public Street—City Ordinance—Demurrer to Peti-
tion.* The state on the relation of the county attorney sued to enjoin the
defendants from obstructing a certain street by fencing it off. The defend-
ants' counsel submitted to the court a city ordinance authorizing such ob-
struction. The court sustained a demurrer to the petition. *Held,* that while
a technical error may have been committed, no prejudice of a material
nature resulted requiring a reversal, following *The State v. Order of Eagles,*
100 Kan. 480, 164 Pac. 1063.

Appeal from Ellis district court; ISAAC T. PURCELL, judge. Opinion filed
May 6, 1922. Affirmed.

*Richard J. Hopkins,* attorney-general, *J. M. Wiesner,* county attorney, *C. M.
Holmquist,* and *H. L. Pestana,* both of Hays, for the appellant.

*A. J. Wiles,* of Hays, for the appellees.

The opinion of the court was delivered by

WEST, J.: The state on the relation of the county attorney sought
to enjoin the defendants from fencing up the west end of Evergreen
street in the city of Hays. The court sustained a demurrer to the
petition and the plaintiff appeals.

It was alleged that Evergreen street had for a long time been an
open public highway, running east and west, one hundred feet wide;
that the defendants had constructed in the street about thirty feet
north of the south line of said street a fence, composed of wooden
posts and barbed wire, to the east line of Pine street, except where
Evergreen and Chestnut streets intersect; that before the action was
begun the defendants connected this fence by a fence connecting
and enclosing thirty feet with their land, and thereby depriving the
public of access to that portion of Evergreen street. It was prayed
that the court adjudge the fence to be a nuisance and that the de-
fendants be ordered to abate it. The demurrer was based on the
grounds that the court had no jurisdiction, the plaintiff no legal
capacity to sue, and that the petition did not state a cause of action.

It is argued by the plaintiff that the state has paramount au-

thority over streets and highways where the general public is interested, and that section 7165 of the General Statutes of 1915 (amended by chapter 247 of the Laws of 1917) gives the state unequivocal authority to bring this action. That section provides that an injunction may be granted to enjoin the maintenance of a common nuisance.

It is contended by the defendants that the petition does not show any need or necessity for judicial interposition, and they suggest that the officers of Hays have ample power to maintain the streets and keep them in a safe condition, and in the absence of some showing of failure so to do the county should not assume jurisdiction, and that the court has no jurisdiction of an action to enforce the ordinances of the city.

Their brief states that they submitted to the trial court ordinance No. 886 of the city, vacating thirty feet of the south side of Evergreen street, at the place complained of, and this statement is not denied. Assuming that this ordinance was submitted to the trial court we fail to find any objection thereto in the record, and so must treat the case as one submitted to the court on the petition of the plaintiff and the demurrer to the evidence along with the city ordinance authorizing the obstruction complained of. If this be the position, then the ruling of the trial court was right. Moreover, if the ordinance was improperly submitted and considered and hence the demurrer wrongfully sustained as a mere matter of pleading, yet no substantial error was in fact committed because the plaintiff had no right in the face of the ordinance to maintain an action to enjoin the very thing it authorized to be done. In *The State v. Order of Eagles,* 100 Kan. 480, 164 Pac. 1063, the plaintiff's evidence was not sufficient to entitle it to an injunction, but tended to show that the defendants were entitled to judgment, and it was held that it was mere technical or nonprejudicial error to sustain a demurrer to the plaintiff's evidence instead of rendering judgment for the defendants thereon. Attention was called to section 581 of the civil code requiring us to disregard all mere technical errors which do not appear to have affected the substantial rights of the party where it appears upon the whole record that substantial justice has been done. (See, also, *In re Underwood, Petitioner,* 103 Kan. 505, 175 Pac. 38.)

Finding no substantial error sufficient to work a reversal, the judgment is affirmed.