No. 25,454.

THE CITY OF COFFEYVILLE, *Appellee*, v. CLARENCE REED, *Appellant*.

SYLLABUS BY THE COURT.

LIQUOR LAW—*Unlawful Possession of Liquors—Evidence Upholds Conviction.*
The evidence given in support of a charge of the unlawful possession by
defendant of intoxicating liquors is held upon appeal to be sufficient to up-
hold the judgment of conviction.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opin-
ion filed November 8, 1924. Affirmed.

*Walter S. Keith* and *Harold McGugin,* both of Coffeyville, for the ap-
pellant.

*Charles B. Griffith,* attorney-general, *Donald W. Stewart,* assistant attorney-
general, *R. E. Rosenstein,* county attorney, and *A. R. Lamb,* of Coffeyville,
for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In a prosecution Clarence Reed was found
guilty of the unlawful possession of intoxicating liquor. His only
complaint on appeal is that the evidence on which the conviction
rests and which the trial court found to be ample is insufficient.

The defendant was president of an organization of colored men
designated as the Sunflower Club and sometimes called The Clar-
ence Reed Club. In a raid on the club room the officers found
defendant and several others seated at a table on which were play-
ing cards, money, and upon a desk in the same room three or four
steps away was a bottle of corn whisky. The prosecution failed
on the charge of gambling, but did procure a conviction on the
liquor charge. There was testimony tending to show that defendant
controlled and ran the club, had the profits arising from the sale
of soft drinks and the games played at the pool tables. In the
situation it was a fair inference that defendant had control of the
whisky in the room. The statute denounces the unlawful posses-
sion of intoxicating liquors and also makes it unlawful for any per-
son to permit another to have, keep or use intoxicating liquors on
any premises owned or controlled by him. (R. S. 21-2101.) It is
said that the liquor in the club room managed by the defendant may
have been the property of some other member of the club. It has
been determined that where there are violations of the prohibitory

law in a lodge, society or club, the officers and members thereof responsible for such violations are all subject to criminal prosecution. (*The State v. Order of Eagles,* 98 Kan. 793, 161 Pac. 903; *The State v. Clark,* post, p. 133).

The evidence is sufficient to uphold the judgment, and therefore it is affirmed.